DUKE POWER COMPANY, A CORPORATION, PETITIONER v. SALISBURY
    ZONING BOARD OF ADJUSTMENT: CARROLL EARNHARDT, FANNIE
    BUTLER, JOHN RINK, W. E. JOHNSON, ALEXANDER MONROE, RODNEY
    CALLOWAY, E. G. SAFRIT, KEN WAGONER, KELLY PEEPLES AND JOHN
    HIPP, EDWARD POE, JAMES KLUTTZ, RESPONDENTS

No. 7419SC91

(Filed 20 February 1974)

**Appeal and Error § 7— right to appeal — persons not parties to action**

    Persons who were not parties to the action had no right to appeal
;   from an order of the superior court setting aside a zoning board of
    adjustment's denial of a power company's application for a variance
    to allow construction of a power line through a residential neighbor-
    hood. G.S. 1-271.

APPEAL from *Exum, Judge,* 6 August 1973 Session of the
ROWAN County Superior Court.

The Petitioner Duke Power Company applied to the defend-
ant Salisbury Zoning Board of Adjustment for a variance to
allow the construction of a power line through a residential
neighborhood. The application was considered by the defend-
ants at a duly held meeting. Members of the general public
attended and expressed their opinions as to the advisability of
granting the variance. Eight of the twelve members of the
Board were present at the hearing, and seven voted in favor
of issuing the variance to Duke Power Company. However, the
eighth voted in the negative and the application failed, the city
ordinance requiring eight affirmative votes before a variance
could be granted. Following the denial of the application for
the variance, Duke Power Company, following the appropriate
municipal ordinances, petitioned the General Court of Justice,
Superior Court Division, of Rowan County for review and certi-
orari.

Thomas G. Thurston (Thurston), Loyd D. Crayton (Cray-
ton), and Ola R. Rutledge (Rutledge), own homes within 600
feet of the proposed course of the planned power line. Crayton,
Rutledge, and Thurston were present at the hearing before the
Board of Adjustment and spoke in opposition to the granting
of the variance. When the matter was scheduled for hearing in
Superior Court, the attorney representing Thurston was fur-
nished with courtesy copies of the record and petition; and he
attended the hearing. There is no showing that Rutledge or Cray-
ton were notified of the hearing. Thurston did not apply to the

Power Co. v. Board of Adjustment

court to intervene or be made a party to the action. Neither did he present evidence or participate in the hearing.

At the hearing the trial court held that the Board of Adjustment had acted arbitrarily in refusing to allow the variance to the petitioner without setting forth any restrictions or other conditions with which the petitioner might comply. The court directed the Board of Adjustment to grant the requested permit and special exception upon the imposition of reasonable restrictions as the Board might determine. No objection or exceptions were made to the court's ruling. Nine days after the hearing and the order, Thurston, Crayton, and Rutledge attempted to give notice of appeal. The petitioner moved to dismiss the appeal on the grounds that the complaining persons were not parties to the controversy.

*William I. Ward, Richard R. Reamer, and Kluttz and Hamlin, by Clarence Kluttz for petitioner-appellee.*

*Carlton, Rhodes, and Thurston by Richard F. Thurston and Linda A. Thurston for appellants.*

CARSON, Judge.

At common law the right to appeal was limited to parties in the action who were aggrieved by the ruling of the court. 4 Am. Jur. 2d, Appeal and Error, § 173. This common law rule has been codified in North Carolina under G.S. 1-271 which states as follows:

> Who may appeal.—Any party aggrieved may appeal in the cases prescribed in this chapter. A party who cross assigns error in the grant or denial of a motion under the Rules of Civil Procedure is a party aggrieved.

While the persons complaining of the court's ruling may have been aggrieved by the proximity of their land to the proposed power line of the petitioner, it does not necessarily follow that they have the right to appeal. In addition to being aggrieved, they must have been parties to the suit from which they wish to appeal. No attempt was made to keep the complaining persons from becoming parties to the controversy. Quite to the contrary, courtesy copies of the petition for certiorari were furnished to the attorney for Thurston. The complaining persons were present at the meeting before the Board of Adjustment and had an attorney present at the Superior Court Session at

which the hearing was held and the order was entered. They did not petition the court to allow them to become parties of record to the action. Since they were not parties, they have no right to appeal or otherwise complain of the ruling of the court. *Siler v. Blake,* 20 N.C. 90 (1838) ; *In re Coleman,* 11 N.C. App. 124, 180 S.E. 2d 439 (1971). The motion to dismiss the appeal is allowed.

Chief Judge BROCK and Judge MORRIS concur.