AD/MOR, A LIMITED PARTNERSHIP, D/B/A AD/MOR BILLBOARD COMPANY, AND D. P. BLACK AND WIFE, MARY BLACK v. THE TOWN OF SOUTHERN PINES, THE BOARD OF ADJUSTMENT OF THE TOWN OF SOUTHERN PINES, AND BUDDY BLACKBURN

No. 8720SC465

(Filed 5 January 1988)

**Municipal Corporations § 31— violation of zoning ordinance—decision of Board of Adjustment—timeliness of petition for certiorari**

Since N.C.G.S. § 160A-388(e) gave petitioners the right to file a petition for a writ of certiorari for review of a decision of a board of adjustment finding that their billboard violated the town's zoning ordinance within 30 days after the later of their receipt of the decision or the filing of the decision in the appropriate office, the trial court's finding that petitioners received notice of the board's decision more than 30 days before the petition was filed was insufficient to support the court's determination that the petition was untimely, and the case must be remanded for findings as to when the decision was filed in the appropriate office and a new determination as to whether the petition was timely filed.

APPEAL by petitioners from *Davis (James C.), Judge*. Order filed 5 January 1987 in Superior Court, MOORE County. Heard in the Court of Appeals 17 November 1987.

The following facts are undisputed. On 9 July 1986, the Board of Adjustment of the Town of Southern Pines affirmed an en-

forcement decision of the town's zoning officer. The zoning officer had found that a billboard owned by petitioner Ad/Mor and located on property owned by petitioners D. P. and Mary Black, violated the town's zoning ordinance. Petitioner Ad/Mor received notice of the board's decision on 10 July 1986. Petitioners Black received notice on 11 July 1986. On 15 August 1986, petitioners filed a petition for writ of certiorari in superior court pursuant to G.S. 160A-388(e). Respondents filed a motion in response to the petition asking, in part, that it be denied because it was untimely filed. After considering the pleadings, an affidavit from the town's planner, and the arguments of counsel, the trial court denied the petition for certiorari. The trial court found that the mailing to petitioners of a copy of the board's decision "constituted compliance with the requirements of" G.S. 160A-388(e) and that the petition, having been filed more than 30 days after that notice, was untimely. Petitioners appeal.

*Thigpen & Evans, by John B. Evans, for the petitioner-appellants.*

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by W. Lamont Brown, for the respondent-appellees.*

EAGLES, Judge.

The sole issue here is whether the trial court erred in dismissing the petition for writ of certiorari as being untimely filed. G.S. 160A-388(e) provides, in relevant part, that "[e]very decision of the board [of adjustment] shall be subject to review by the superior court by proceedings in the nature of certiorari." The statute, however, requires that petitions for certiorari be filed in superior court "within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party . . . whichever is later." *Id.* While the trial court found that the notice of the board's decision was received over 30 days before the petition for writ of certiorari was filed, it did not address the question of when the decision was filed with the office specified in the ordinance. Consequently, we must remand this case for additional findings.

Where the trial court makes findings of fact, they must be sufficient to support the judgment. *Rock v. Ballou,* 286 N.C. 99,

209 S.E. 2d 476 (1974). When findings on matters material to the dispute are not made, the case must be remanded for those findings. *Id.* G.S. 160A-388(e) clearly gives the petitioners 30 days after the later of delivery of the board's decision to petitioners or the filing of the decision with the office specified in the ordinance, within which to petition for certiorari. When the decision was filed in the appropriate office is a question of fact, the resolution of which is essential to determine whether petitioners are entitled to judicial review. Although petitioners presented some evidence that the decision was not properly filed until, or after, 31 July 1986, the trial court made no findings addressing the issue of when the decision was filed. Therefore, we must remand for findings on that question and any appropriate modification of the order denying the petition for certiorari.

Reversed and remanded.

Judges MARTIN and PARKER concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.