NKEIRU CAROLINA ANUFORO, Plaintiff v. JAMES ALLEN DENNIE, Defendant

No. COA94-840

(Filed 5 July 1995)

### 1. Appeal and Error § 331 (NCI4th)— production of transcript—Rule 7 requirements met

A contract for the production of the transcript, as envisioned by Rule 7 of the Rules of Appellate Procedure, was formed on the day plaintiff affirmatively requested by letter within the ten-day deadline of the rule that the court reporter provide the transcript.

**Am Jur 2d, Appellate Review §§ 493, 502.**

### 2. Appeal and Error § 331 (NCI4th)— compliance with Rules of Appellate Procedure—excusable neglect

The court reporter's notation that plaintiff "ordered" a transcript on 6 November 1993, coupled with her certification the transcript was "mailed" on 3 January 1994, indicating, however erroneously, that the transcript was prepared and delivered within 60 days, constituted excusable neglect justifying relief from the trial court's order dismissing plaintiff's appeal for the failure of counsel to seek an extension of time for production of the transcript under Rule 7(b)(1); moreover, plaintiff sufficiently alleged that she may prevail on her claim so that it was error for the trial court to deny plaintiff's motion, pursuant to N.C.G.S. 1A-1, Rule 60(b), to vacate and set aside an order dismissing her appeal.

**Am Jur 2d, Appellate Review §§ 492-505.**

Judge Greene dissenting.

Appeal by plaintiff from order entered 7 June 1994 by Judge William A. Creech in Wake County District Court. Heard in the Court of Appeals 20 April 1995.

*E. Gregory Stott for plaintiff-appellant.*

*Law offices of Douglas F. DeBank, by Marcelina K. Crisco, for defendant-appellee.*

MARTIN, MARK D., Judge.

Plaintiff appeals from the trial court's denial of her motion, pursuant to N.C.R. Civ. P. 59 and 60, to vacate and set aside the order

entered 4 February 1994 dismissing plaintiff's appeal. We reverse and remand.

On 8 January 1992 plaintiff filed a complaint seeking damages for personal injuries sustained as a result of an automobile accident. On 16 March 1992 defendant filed an answer denying negligence and alleging contributory negligence. At trial the issues of negligence, contributory negligence, and damages were submitted to the jury. The jury answered both the negligence and contributory negligence issues in the affirmative and denied any recovery to plaintiff. On 16 July 1993 the trial court entered judgment on the aforesaid verdict.

On 21 July 1993 plaintiff filed a motion requesting the trial court set aside the verdict and grant a new trial. On 20 October 1993 the trial court denied plaintiff's motion. On 20 October 1993 plaintiff appealed to this Court.

On 26 October 1993 plaintiff mailed a letter to the court reporter stating plaintiff had given notice of appeal to the North Carolina Court of Appeals, requesting production of the transcript, and advising the transcript must be prepared and delivered within 60 days of such request. On 9 November 1993 the court reporter executed AOC Form A 129, indicating the transcript was "ordered" on 6 November 1993. On 3 January 1994 the court reporter executed a certificate indicating the transcript was "requested" on 2 November 1993 and "mailed" to the attorneys on 3 January 1994.

On 3 January 1994 defendant filed a motion to dismiss plaintiff's appeal for failure to timely produce the transcript pursuant to Rule 7 of the North Carolina Rules of Appellate Procedure. On 4 February 1994 the trial court granted defendant's motion to dismiss.

On 8 February 1994 plaintiff filed a motion, pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure, requesting the court vacate and set aside the order entered 4 February 1994 dismissing plaintiff's appeal. On 7 June 1994 the trial court denied plaintiff's motion requesting the court vacate and set aside the order entered 4 February 1994 dismissing plaintiff's appeal. In its order denying plaintiff's motion, pursuant to N.C.R. Civ. P. 59 and 60, the trial court concluded as a matter of law that "plaintiff-appellant [] failed to comply with Rule 7 of the North Carolina Rules of Appellate Procedure and therefore her appeal should be dismissed."

The only issue presently before the Court is whether the trial court erred by denying plaintiff's motion, pursuant to N.C.R. Civ. P. 59

and 60, to vacate and set aside the order entered 4 February 1994 dismissing her appeal.

The motion for relief from a judgment or order made pursuant to Rule 60(b) is within the sound discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of that discretion. *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). Where no abuse of discretion appears, an error in law arising from the misapprehension of the appropriate legal standard by the trial court is nonetheless reviewable on appeal. *See Selph v. Selph*, 267 N.C. 635, 638-639, 148 S.E.2d 574, 577 (1966).

At the outset we note the trial court did not apply the correct legal standard to plaintiff's 8 February 1994 motion, pursuant to Rules 59 and 60, to vacate and set aside the 4 February 1994 order of dismissal.

According to Rule 60 of the North Carolina Rules of Civil Procedure, relief from an order may be granted "[o]n motion and upon such terms as are just" when there has been a: "(1) Mistake, inadvertence, surprise, or excusable neglect; . . . (6) Any other reason justifying relief from the operation of the judgment." N.C.R. Civ. P. 60(b). The movant must also demonstrate she has pled a meritorious defense or otherwise properly demonstrate that she may prevail on the merits. *See* 2 G. Gray Wilson, *North Carolina Civil Procedure*, § 60-3, at 372 (1989) ("It is not necessary that a meritorious defense be proved, but only that one be properly pled."). In determining whether Rule 60 relief is justified, the trial court should apply the following standard:

> When relief is sought under Rule 60(b)(1), the trial court first determines if there has been a mistake, inadvertence, surprise, or excusable neglect. . . . If the motion does not allege factual allegations corresponding to the specific situations contemplated in clauses (1) through (5), subsection (6) serves as a "grand reservoir of equitable power" by which a court may grant relief from an order or judgment. The expansive test by which relief can be given under subsection (6) is whether "(1) extraordinary circumstances exist and (2) there is a showing that justice demands it."

*In the Matter of Oxford Plastics v. Goodson*, 74 N.C. App. 256, 259, 328 S.E.2d 7, 9 (1985) (citations omitted).[1]

---

1. We do not believe, as suggested by the dissent, that a motion made pursuant to Rule 60 should automatically be subject to dismissal where the motion does not pre-

ANUFORO v. DENNIE

[119 N.C. App. 359 (1995)]

The trial court's 7 June 1994 order is devoid of any mention of Rule 60(b) considerations such as mistake, inadvertence, surprise or excusable neglect. Rather, the 7 June 1994 order reveals the trial court re-applied the same legal standard, *i.e.*, whether plaintiff complied with N.C.R. App. P. 7, used in evaluating the defendant's 3 January 1994 motion to dismiss the appeal. To the extent the trial court rendered its 7 June 1994 order denying plaintiff's motion, pursuant to Rules 59 and 60, without regard to the applicable legal framework under Rule 60(b), we hold it acted under a misapprehension of the appropriate legal standard. *See Oxford Plastics v. Goodson*, *supra*. Accordingly, we will proceed to address the question of whether excusable neglect existed for counsel's failure to move for an extension of time in which to produce and deliver the transcript.

Rule 7 of the North Carolina Rules of Appellate Procedure provides in pertinent part:

Preparation of the Transcript; Court Reporter's Duties

(a) Ordering the Transcript.

(1) Civil Cases. Within 10 days after filing the notice of appeal the appellant shall contract, in writing, with the court reporter for production of a transcript of such parts of the proceedings not already on file as he deems necessary. The appellant shall file a copy of the contract with the clerk of the trial tribunal. . . .

. . . .

(b) Production and Delivery of Transcript.

(1) From the date of the reporter's receipt of a contract for production of a transcript, the reporter shall have 60 days to produce and deliver the transcript in civil cases . . . .

N.C.R. App. P. 7.

**[1]**   We believe plaintiff's letter to the court reporter *within the 10-day deadline* set forth in N.C.R. App. P. 7 constitutes "substantial compliance" with the requirement of a contract between the litigant and the court reporter. *Cf. Ferguson v. Williams*, 101 N.C. App. 265,

cisely specify upon which subsection or ground it is premised. Rather, it is the long-standing rule in North Carolina that where the "movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b) he need not specify if his 'motion is timely and the reason justifies relief.' " *Brady v. Town of Chapel Hill*, 277 N.C. 720, 723, 178 S.E.2d 446, 448 (1971) (*citing* 7 Moore's Federal Practice § 60.27(2) (2d ed. 1970)). *See* 2 G. Gray Wilson, *North Carolina Civil Procedure*, § 60-12, at 392.

ANUFORO v. DENNIE

[119 N.C. App. 359 (1995)]

275, 399 S.E.2d 389, 395 (affirming lower court finding of "substantial compliance" with Rule 7), *disc. review denied*, 328 N.C. 571, 403 S.E.2d 510 (1991). We hold the contract, as envisioned under Rule 7, was formed on 26 October 1993, the day the plaintiff affirmatively requested production of the transcript by the court reporter. Therefore, the issue is whether the facts demonstrate plaintiff was entitled to relief pursuant to Rule 60 from the trial court's dismissal of her appeal for noncompliance with the 60-day deadline under Rule 7.

[2] We believe noncompliance with the 60-day deadline under Rule 7 may appropriately provide the basis for dismissal of an appeal. Nonetheless, we hold that the court reporter's notation here that plaintiff "ordered" the transcript on 6 November 1993, coupled with her certification the transcript was "mailed" on 3 January 1994, indicating, however erroneously, that the transcript was prepared and delivered within 60 days, constitute excusable neglect justifying relief from the trial court's order dismissing plaintiff's appeal for the failure of counsel to seek an extension of time for production of the transcript under Rule 7(b)(1).

This court has previously declined to allow the court reporter, "whether with or without good excuse, to determine the rights of litigants to appellate review." *Lockert v. Lockert*, 116 N.C. App. 73, 81, 446 S.E.2d 606, 610, (literal meaning of rule of appellate procedure should not be followed where delay by court reporter would deprive litigant of appellate review), *disc. review allowed*, 338 N.C. 311, 450 S.E.2d 487, *supersedeas allowed*, 338 N.C. 311, 450 S.E.2d 490 (1994).

We now consider the second prong of the Rule 60(b) inquiry, that is, whether plaintiff has sufficiently alleged she may prevail on the merits of her claim.

In her first assignment of error, plaintiff maintains the jury verdict below should be set aside on the ground it is ambiguous and conflicting. Although we express no opinion as to the merits of this contention, we believe, for purposes of our disposition of plaintiff's Rule 60(b) motion, that plaintiff's first assignment of error sufficiently alleges she may prevail on the merits of her appeal such that it would not be "a waste of judicial economy to vacate" the order of the trial court denying relief under Rule 60(b). *Oxford Plastics v. Goodson*, *supra*.

ANUFORO v. DENNIE

[119 N.C. App. 359 (1995)]

Because we find the facts in the present case support a finding of excusable neglect, we reverse the order of the trial court denying plaintiff's 8 February 1994 motion requesting, pursuant to Rule 60, the court vacate and set aside the order entered 4 February 1994 dismissing plaintiff's appeal. Appeal from judgment and order is to be deemed taken as of the date that mandate of this opinion is issued to the Clerk of Superior Court. At this time the plaintiff may perfect her appeal pursuant to the North Carolina Rules of Appellate Procedure.

Reversed and remanded.

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I believe the order of the trial court denying plaintiff's Rule 60 motion to set aside the order dismissing her appeal should be affirmed. Accordingly, I dissent.

Rule 7 requires that the appellant, within ten days after filing the notice of appeal, enter into a written contract with the court reporter for production of the transcript. Although the requirement that there be a written contract suggests that there must be more than a simple request from the appellant to the court reporter to satisfy Rule 7, because the court reporter has an affirmative obligation to prepare the transcript upon request, the contract arises upon a written request. I therefore agree with the majority that the letter from plaintiff to the court reporter is a contract within the meaning of Rule 7. Thus, because the contract was entered into on 26 October 1993, plaintiff, as the appellant, had the obligation to have the transcript produced by the court reporter within sixty days after 26 October 1993 or obtain an extension of time in which to do so from the trial court or the appellate court. N.C. R. App. P. 7(b)(1).

In this case, the transcript was produced more than sixty days after plaintiff's request for the transcript, and neither the court reporter nor plaintiff nor her attorney requested an extension of time in which to produce and deliver the transcript under Rule 7(b)(1). Therefore, the appeal was subject to dismissal, N.C. R. App. P. 25(a), and the record does not reveal that the trial court abused its discretion in denying plaintiff's Rule 60 motion to set aside the earlier dis-

**U.S. FIDELITY & GUARANTY CO. v. COUNTRY CLUB OF JOHNSTON COUNTY**

[119 N.C. App. 365 (1995)]

missal. *See Sink v. Easter,* 288 N.C. 183, 200, 217 S.E.2d 532, 543 (1975) (motion for relief under 60(b) is addressed to sound discretion of trial court, and appellate review is limited to determining whether court abused its discretion).

Whether plaintiff's noncompliance with the sixty-day requirement amounts to "excusable neglect" is not an issue before this Court because it was not asserted before the trial court as a ground for the motion. N.C.G.S. § 1A-1, Rule 7(b)(1) (1990) (motion "shall state the grounds therefor"). The only ground asserted for the Rule 60 motion was that the plaintiff did not receive notice of the hearing of the defendant's motion to dismiss the appeal. The trial court did not address this issue in its order denying the Rule 60 motion and the plaintiff does not argue this issue on appeal. In any event, a finding of "excusable neglect" is not alone sufficient to support an order striking the order of dismissal, as plaintiff must also show that her appeal from the underlying jury verdict has merit. *See In the Matter of Oxford Plastics v. Goodson,* 74 N.C. App. 256, 258, 328 S.E.2d 7, 9 (1985). This she has failed to do.

Finally, I do not accept that affirming the order of the trial court in this case would permit a court reporter to "determine the rights of [the] litigants to appellate review." Rule 7(b)(1) is specific in granting the plaintiff the right to request an extension of time for production of the transcript. In this case, plaintiff neither requested an extension nor argued that her failure to so request was excusable. Thus, the plaintiff's rights to appellate review were not determined or controlled by the reporter's failure to timely submit the transcript.