JAVELLE ALONZA POLLOCK v. DONALD MEREDITH PARNELL

No. COA96-946

(Filed 20 May 1997)

**Appeal and Error § 330 (NCI4th)— district court—trial recorded on tapes—transcript of trial—substantial compliance with appellate rule**

Defendant substantially complied with N.C. R. App. P. 7, which sets forth the appropriate procedure for filing a timely appeal in matters requiring transcription by a court reporter, although defendant did not contract with a court reporter and did

not file a copy of the contract with a court reporter within ten days from his notice of appeal, where defendant appealed from a judgment in the district court; a deputy clerk of court recorded the trial on cassette tapes and no court reporter was present; defendant conferred with the clerk of court and the Administrative Office of the Courts about how to comply with the time requirements for appealing from the district court; defendant purchased copies of the audio tapes of the trial and arranged for an employee of his attorney to transcribe them; and the transcript of the trial was delivered to defendant within sixty days of his delivery of the tapes to the transcriptionist. Therefore, defendant was not required to settle the record on appeal within thirty-five days after filing notice of appeal pursuant to N.C. R. App. P. 11.

**Am Jur 2d, Appellate Review §§ 492 et seq.**

Appeal by plaintiff from order entered 10 June 1996 by Judge Frank Lanier in Johnston County District Court. Heard in the Court of Appeals 22 April 1997.

On 13 June 1994, plaintiff filed a complaint seeking damages for personal injuries sustained as a result of an automobile accident. On 12 August 1994, defendant filed an answer denying negligence and alleging contributory negligence. At trial, the issues of negligence, contributory negligence and damages were submitted to the jury. The jury found that the defendant was negligent and that the plaintiff was not contributorily negligent, then awarded damages in the amount of $28,406.25, including costs, to the plaintiff. The trial court entered judgment on the verdict on 26 March 1996.

The defendant filed his written notice of appeal on 23 April 1996. On 30 May 1996, the plaintiff filed a motion in Johnston County District Court to dismiss the defendant's appeal stating that the defendant had "failed to pursue his appeal, specifically, he has not filed his record on appeal as required by the rules of appellate procedure." On 5 June 1996, the defendant filed an answer to the plaintiff's motion to dismiss the appeal. On 10 June 1996, Judge Frank Lanier entered an order denying the plaintiff's motion to dismiss the defendant's appeal "on the basis that the trial of this matter was heard in District Court, there was no court reporter present during the trial, the official court record was made pursuant to the deputy clerk of court recording the proceeding on cassette tapes, and therefore, the

requirements of Rule 7 are inapplicable in this case and the defendant's proposed record on appeal was not due 35 days after they gave notice of appeal." The plaintiff now appeals the trial court's denial of her motion to dismiss defendant's appeal.

*Lucas, Bryant & Denning, P.A., by Sarah E. Mills, for the plaintiff-appellant.*

*Morgan and Reeves, by Eric M. Reeves, for the defendant-appellee.*

EAGLES, Judge.

The only issue before us is whether the trial court erred in denying plaintiff's motion to dismiss the defendant's appeal for failure to comply with Rule 7 of the North Carolina Rules of Appellate Procedure.

Rule 7 of the North Carolina Rules of Appellate Procedure provides, in pertinent part:

Preparation of the Transcript; Court Reporter's Duties

(a) Ordering the Transcript.

(1) Civil Cases. Within ten days after filing the notice of appeal the appellant shall contract, in writing, with the court reporter for production of a transcript of such parts of the proceedings not already on file as he deems necessary. The appellant shall file a copy of the contract with the clerk of the trial tribunal . . . .

\* \* \* \*

(b) Production and Delivery of Transcript.

(1) From the date of the reporter's receipt of a contract for production of a transcript, the reporter shall have 60 days to produce and deliver the transcript in civil cases . . . .

N.C.R. App. P. 7 (1997).

Rule 7 sets forth the appropriate procedure for filing a timely appeal in matters requiring transcription by a court reporter. If the appellant does not order a transcript, Rule 11 states that the appellant has "35 days after filing of the notice of appeal" to settle the proposed record on appeal. N.C.R. App. P. 11(a) (1997). When the appellant fails within the time allowed by the appellate rules to take any action

POLLOCK v. PARNELL

[126 N.C. App. 358 (1997)]

required to present the appeal for decision, the appeal may be dismissed. *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979).

The circumstances of this case fall between the parameters of Rule 7 and Rule 11. The trial of this case was heard in District Court. N.C.G.S. 7A-198 provides that electronic or other mechanical devices shall be used in district court when court reporters are not available. N.C.G.S. 7A-198(a) (1995). This has become the common practice in all district courts and was the practice employed in Johnston County District Court at the trial of this matter. In order to obtain a transcript of the proceeding, the audio tape must be transcribed. A court reporter's services are not required.

Here, the defendant contacted the district court prior to filing his notice of appeal and inquired as to the transcribing of the trial. The defendant also contacted the Administrative Office of the Courts and sought advice on how to comply with the time requirements of the appellate rules when appealing from the district court. Following the instruction of the Johnston County Clerk of Court, the defendant purchased copies of the audio cassette tapes recording the trial and arranged for an employee of the defendant's attorney to transcribe the tapes within 60 days. Consequently, the defendant did not contract with a court reporter and did not file a copy of a contract with a court reporter within ten days from his notice of appeal. The transcript of the trial was delivered to the defendant on 20 June 1996, within sixty days of the defendant's delivery of the cassette tapes to the transcriptionist. The defendant served the record on appeal on the plaintiff on 10 July 1996.

On 30 May 1996, thirty six days after the defendant filed his notice of appeal, the plaintiff moved to dismiss the defendant's appeal because it was not timely. The plaintiff argues that the defendant was bound by the time limit set in Rule 11, thirty five days, because the defendant did not file a copy of a written contract with a court reporter within ten days of his notice of appeal.

"The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal." *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). The rules are designed to keep the process of perfecting an appeal flowing in an orderly manner. *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979). "Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the

appellate process." *Id.* However, this court has held that when a litigant exercises "substantial compliance" with the appellate rules, the appeal may not be dismissed for a technical violation of the rules. *See, Anuforo v. Dennie,* 119 N.C. App. 359, 458 S.E.2d 523 (1995) (appellant's letter to a court reporter within the ten day deadline constituted "substantial compliance" with Rule 7); *Ferguson v. Williams,* 101 N.C. App. 265, 399 S.E.2d 389 (1991) (affirming lower court's determination of "substantial compliance" with Rule 7). We conclude that the defendant's actions in conferring with both the Clerk of Superior Court and the Administrative Office of the Courts, purchasing copies of the audio tapes, employing a transcriptionist, and obtaining a transcript of the proceeding within sixty days of the defendant's notice of appeal constitute "substantial compliance" with Rule 7.

The order denying plaintiff's motion to dismiss defendant's appeal is affirmed.

Affirmed.

Judges WALKER and MARTIN, Mark D., concur.