CONSTANCE A. CHAMBERLAIN, Plaintiff v. TROY RANDALL THAMES, Defendant

No. COA97-943

(Filed 21 July 1998)

**Appeal and Error— transcript—time requirements**

Defendant's appeal was dismissed for violation of Rule 7(b)(1) of the North Carolina Rules of Appellate Procedure where defendant gave notice of appeal on 8 January; defendant filed a "contract for transcript" with the court reporter on 17 January; the record does not reveal any motion filed by defendant for an extension of time; the trial court granted the court reporter's motion to extend the time for preparation of the transcript on 3 April for thirty additional days; and the court reporter subsequently certified delivery of the transcript on 26 April. The court reporter's request for an extension of time to deliver the transcript was not timely made and, in any event, the extension exceeds the authority vested in the trial court to grant extensions because the court is only permitted to extend the time for delivery of transcript thirty days beyond the time initially required (sixty days from 17 January).

Appeal by defendant from judgment dated 5 September 1996 and order dated 9 December 1996 by Judge Ronald L. Stephens in Durham County Superior Court. Heard in the Court of Appeals 1 April 1998.

*Glenn, Mills & Fisher, P.A., by William S. Mills, for plaintiff appellee.*

*Haywood, Denny & Miller, L.L.P., by John R. Kincaid and Thomas H. Moore, for defendant appellant.*

GREENE, Judge.

Troy Randall Thames (Defendant) appeals the judgment of the trial court awarding Constance A. Chamberlain (Plaintiff) damages in the amount of $68,989.16.

Defendant stipulated that on 25 December 1991, he negligently drove his vehicle into the rear end of Plaintiff's truck, causing Plaintiff's truck to collide with the vehicle in front of it. The only issue before the jury was the amount of Plaintiff's damages. The jury found that Defendant's negligence proximately caused Plaintiff

damages in the amount of $68,989.16. The trial court entered judgment awarding Plaintiff damages in that amount plus interest.

Defendant gave notice of appeal of the trial court's judgment on 8 January 1997. On 17 January 1997, Defendant filed a "Contract for Transcript" stating that Defendant "contracts with [the court reporter] in accordance with Rule 7 . . . for the preparation of a complete copy of the transcript of the trial proceedings in [this case]." The record does not reveal any motion filed by Defendant for an extension of time for the court reporter's preparation of the transcript. On 3 April 1997, the trial court granted the court reporter's motion to extend the time for preparation of the transcript "for 30 additional days and the transcript will be due on May 3, 1997." The court reporter subsequently certified delivery of the transcript on 26 April 1997.

On 2 July 1997, Plaintiff moved to dismiss Defendant's appeal pursuant to Rule 25(a) of the North Carolina Rules of Appellate Procedure (Rules), contending that the transcript was not delivered within the time requirements of Rule 7(b)(1). Plaintiff's motion to dismiss was denied by the trial court, and Plaintiff has cross-assigned error to this denial.

---

The dispositive issue is whether a defendant's appeal should be dismissed when he fails to supervise the process of his appeal and request an extension of time, where an extension becomes necessary for the court reporter's completion and delivery of the transcript within the time limits of Rule 7.

"[O]nly those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions." *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979). The Rules are designed "to keep the process of perfecting an appeal flowing in an orderly manner," *Pollock v. Parnell*, 126 N.C. App. 358, 361, 484 S.E.2d 864, 866 (1997), and counsel may not "decide upon his own enterprise how long he will wait to take his next step in the appellate process," *Craver*, 298 N.C. at 236, 258 S.E.2d at 361. "The Rules of Appellate Procedure are mandatory and failure to follow the [R]ules subjects an appeal to dismissal." *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984).

In a civil case, an appellant must contract in writing with the court reporter for production of the portions of the transcript which are necessary for appellate review within ten days after filing notice

CHAMBERLAIN v. THAMES

[130 N.C. App. 324 (1998)]

of appeal. N.C.R. App. P. 7(a)(1).[1] The appellant is required "to file a copy of the contract with the clerk of the trial tribunal." *Id.*[2] The court reporter must then produce and deliver the transcript within sixty days. N.C.R. App. P. 7(b)(1).[3] The trial court may, "in its discretion, and for good cause shown by the reporter or by a party on behalf of the reporter" extend the time to produce the transcript for an additional thirty days. *Id.*[4] Any additional motion for an extension of time to produce the transcript "may only be made to the appellate court to which appeal has been taken." *Id.*[5] Noncompliance with the sixty-day deadline of Rule 7, where no good cause is shown for the appellant's failure to request an extension, provides a basis for dismissal of the appeal. *Anuforo v. Dennie,* 119 N.C. App. 359, 363, 458 S.E.2d 523, 526 (1995); *see also* N.C.R. App. P. 25(a) (motion to dismiss "*shall be allowed* unless compliance [with the time limits contained in the Rules] or a waiver thereof is shown on the record, or unless the appellee shall consent to action out of time, or unless the court for good cause shall permit the action to be taken out of time" (emphasis added)).[6]

In this case, notice of appeal was timely filed by Defendant on 8 January 1997. The contract for the transcript was dated 17 January 1997 and therefore was entered within the ten-day period provided by Rule 7. *See Anuforo,* 119 N.C. App. at 362-63, 458 S.E.2d at 526 (letter to court reporter requesting production of transcript constitutes compliance with the mandate of Rule 7 that "appellant shall contract, in writing, with court reporter for production of a transcript"). It fol-

---

1. We note that Rule 7 now provides that the appellant must "arrange for the transcription" within fourteen days after filing notice of appeal. N.C.R. App. P. 7(a)(1). This appeal was taken, however, prior to the May 1998 changes to the Rules; we therefore review Defendant's compliance with the Rules as they existed at the time his appeal was taken.

2. Rule 7 currently provides that the "appellant shall file the written documentation of [the] transcript arrangement with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record, and upon the person designated to prepare the transcript." N.C.R. App. P. 7(a)(1).

3. The current version of Rule 7 continues to require production and delivery of the transcript by the court reporter within sixty days. N.C.R. App. P. 7(b)(1).

4. Rule 7 now provides that "[t]he trial tribunal, in its discretion, and for good cause shown *by the appellant* may extend the time to produce the transcript for an additional 30 days." N.C.R. App. P. 7(b)(1) (emphasis added). Rule 7 no longer specifically allows the court reporter to move for an extension. *Id.*

5. This provision remains substantially unchanged. N.C.R. App. P. 7(b)(1).

6. Rule 25 was not affected by the May 1998 amendments to the Rules.

lows, therefore, that the transcript in this case was initially due by 18 March 1997 (sixty days from the date of the contract). The transcript was not produced and delivered by 18 March 1997 and instead was delivered on 26 April 1997 (thirty-nine days beyond the time frame allowed in Rule 7). Defendant and/or the court reporter could have requested a thirty-day extension of the sixty-day time limit from the trial court, and could have requested additional extensions from this Court if it became necessary; however, the record reveals no timely requests for an extension either by Defendant or by the court reporter. Furthermore, nothing in the record shows that Plaintiff has waived the time requirements of the Rules or consented to violations of Rule 7, and no good cause has been shown by Defendant that would relieve him of his obligation to follow the mandate of Rule 7. It therefore follows that Defendant's failure to supervise the process of his appeal has deprived him of his right to appellate review, and requires that this appeal be dismissed for violation of Rule 7(b)(1).[7]

Appeal dismissed.

Judges LEWIS and HORTON concur.

———

7. We acknowledge that the trial court did grant an extension of time to deliver the transcript (through 3 May 1997), pursuant to a request made by the court reporter, and the transcript was delivered within that extension (on 26 April 1997). It appears from the record, however, that this request was not timely made. In any event, that extension is not helpful to Defendant because it exceeded the authority vested in the trial court to grant extensions. A trial court is only permitted to extend the time for delivery of the transcript thirty days beyond the time initially required by Rule 7(b)(1). In this case, the transcript was initially due on 18 March 1997 (sixty days after 17 January 1997) and the trial court only had authority under Rule 7 to extend that date to 17 April 1997 (thirty days past 18 March 1997).