MICHAEL J. McCRANN, ROBERT C. ANDERSON, KELLY C. McCRANN, HENRY DIRKMAAT, AND LARILYN DIRKMAAT, PETITIONERS v. VILLAGE OF PINEHURST, NORTH CAROLINA, AND THE VILLAGE CHAPEL, INC., RESPONDENTS

No. COA11-291

(Filed 4 October 2011)

**Statutes of Limitation and Repose—special use zoning permit—substantial compliance—timeliness—estoppel—waiver**

The trial court did not err by denying petitioner's challenge to the issuance of a special use zoning permit based on the petition being time-barred. Petitioners were not in substantial compliance with N.C.G.S. § 160A-388(e2). Further, professional and courteous conduct between counsel does not operate to waive statutory requirements.

Appeal by petitioners from order entered 28 December 2010 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 14 September 2011.

> *Brough Law Firm, by G. Nicholas Herman, and Michael J. McCrann for Petitioners.*

> *Van Camp, Meacham, & Newman, PLLC, by Michael J. Newman, for Respondent Village of Pinehurst.*

> *Smith Moore Leatherwood LLP, by Bradley M. Risinger, Matthew Nis Leerberg, and Clyde Holt, III, for Respondent The Village Chapel, Inc.*

STEPHENS, Judge.

### Procedural and Factual Background

This appeal arises from an attempted challenge by Petitioners Michael J. McCrann, Robert C. Anderson, Kelly C. McCrann, Henry Dirkmaat, and Larilyn Dirkmaat to the issuance of a special use zoning permit to Respondent The Village Chapel, Inc. ("Village Chapel") by Respondent Village of Pinehurst ("Pinehurst"). Village Chapel sought the special use permit for construction of a "learning center" on its property. Petitioners, residents of Pinehurst, opposed the permit. Pinehurst held hearings on the permit on 2 and 6 July 2010, and, on 24 August 2010, the Pinehurst Village Council voted unanimously to grant Village Chapel's petition and issue the permit. No written order granting the permit was prepared at this meeting. On 25 August 2010, Petitioner Michael J. McCrann ("McCrann") left a telephone voicemail message requesting a copy of the final order for Michael J. Newman ("Newman"), who had served as counsel for Pinehurst in the matter. The special use permit was granted by written order on 30 August 2010, and on that date, Newman mailed and faxed copies of the order to McCrann.[1] McCrann received the mailed copy on 2 September 2010.

On 30 September 2010, Petitioners filed a "Petition for Writ of Certiorari and for Judicial Review" in the Moore County Superior Court. On 12 October 2010, Respondents filed a "Verified Opposition to Issuance of Writ of Certiorari," contending that the petition was

---

1. McCrann denied having received the faxed copy on 30 August 2010 or at any other time. However, at the 9 December 2010 hearing on the petition, discussed *infra*, Pinehurst presented evidence that the fax had been sent to McCrann on 30 August 2010.

time-barred under N.C. Gen. Stat. § 160A-388(e2). Following a hearing on 9 December 2010, by order entered 28 December 2010, the trial court denied the petition as untimely. Petitioners appeal, contending that they substantially complied with the requirements of section 160A-388(e2), and that, in the alternative, Respondents are estopped from asserting the statute as a bar to the petition.

### Discussion

The sole question before us is whether the trial court erred in denying the petition as time-barred. Because we conclude that the petition was not timely filed, we affirm.

Where, as here, there are no factual disputes, we review a trial court's interpretation of a statute of limitations *de novo*. *N.C. Dep't of Revenue v. Von Nicolai*, 199 N.C. App. 274, 278, 681 S.E.2d 431, 434 (2009). Petitions for judicial review of decisions by a board of adjustment are controlled by section 160A-388(e2), which provides, in pertinent part:

> Any petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later.

N.C. Gen. Stat. § 160A-388(e2) (2009). As this Court has held, subsection e2 "clearly gives [] petitioners 30 days after the later of delivery of the board's decision to petitioners or the filing of the decision with the office specified in the ordinance, within which to petition for certiorari." *Ad/Mor v. Town of Southern Pines*, 88 N.C. App. 400, 402, 363 S.E.2d 220, 221 (1988).

Here, it is uncontested that the order granting the special use permit was filed on 30 August 2010, and Petitioners did not file their petition until 30 September 2010, 31 days after the order's file date. Further, it is undisputed that Petitioners did not "file[] a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case," which would have tolled the start of the 30-day filing period until Petitioners' receipt of a copy of the order. N.C. Gen. Stat. § 160A-388(e2). Indeed, Petitioners acknowledge that they "did not strictly and 'technically' follow the appeals procedure" under the statute. However, they contend that McCrann's

oral request via voicemail to Newman on 25 August 2010 constituted "substantial compliance" with the statute, such that the 30-day filing period did not begin to run until McCrann received a copy of the order by mail on 2 September 2010. We are not persuaded.

We note that McCrann's request failed to comply with the statute in three ways: it was not made (1) in writing, (2) to "the secretary or chairman of the board[,]" or (3) "at the time of its hearing of the case[.]" Rather, the request was made (1) orally, (2) to counsel who had represented Pinehurst in the hearing, and (3) on the day after the hearing concluded.

This Court has held that "[t]he requirement of timely filing and service of notice of appeal is jurisdictional, and unless the requirements [] are met, the appeal must be dismissed." *Reidy v. Whitehart Ass'n*, 185 N.C. App. 76, 85, 648 S.E.2d 265, 271-72 (quoting *Smith v. Smith*, 43 N.C. App. 338, 339, 258 S.E.2d 833, 835 (1979)), *disc. review denied*, 361 N.C. 696, 652 S.E.2d 651 (2007), *cert. denied*, 552 U.S. 1243, 170 L. Ed. 2d 298 (2008). We see no reason to treat the requirements for timely "appeal" for judicial review under section 160A-388(e2) differently. As our courts have long held:

> "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all."

> "The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time. *Butler v. Bell*, 181 N.C. 85, 106 S.E. 217. In some instances, it may operate to bar the maintenance of meritorious causes of action. When confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear therein. In such case, we must bear in mind Lord Campbell's caution: 'Hard cases must not make bad laws.' "

*Congleton v. City of Asheboro*, 8 N.C. App. 571, 573-74, 174 S.E.2d 870, 872 (1970) (quoting *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957)). In *Congleton*, we held a complaint filed one day late was not timely, even though the trial court had been under an apparent misapprehension which led it to grant a 21-day filing extension rather than the 20-day extension permitted by statute. *Id.* at 573, 174 S.E.2d at 872.

## McCRANN v. VILL. OF PINEHURST

[216 N.C. App. 291 (2011)]

Plaintiff argues that the matter is still within the discretion of the trial court and that he abused that discretion in failing to enter a *nunc pro tunc* order which would have brought plaintiff's claim within the period of the statute of limitations. We are of the opinion that the court has no discretion when considering whether a claim is barred by the statute of limitations. It is clear that a judge may not, in his discretion, interfere with the vested rights of a party where pleadings are concerned. It is equally clear that the statute of limitations operates to vest a defendant with the right to rely on the statute of limitations as a defense.

*Id.* (internal citations omitted).

We find the "substantial compliance" cases cited by Petitioners inapposite as each involves application of Rule of Appellate Procedure 7 (regarding transcripts), a non-jurisdictional requirement, and in each case, the appeal was timely filed. *See Spencer v. Spencer,* 156 N.C. App. 1, 575 S.E.2d 780 (2003); *Pollock v. Parnell,* 126 N.C. App. 358, 484 S.E.2d 864 (1997); *Anuforo v. Dennie,* 119 N.C. App. 359, 458 S.E.2d 523 (1995). Petitioners cite no case in which we have applied "substantial compliance" review to a statute of limitations under facts analogous to those here, and we are aware of none. Further, even were we to apply a "substantial compliance" analysis to the requirements of section 160A-388(e2), Petitioners would not prevail. As noted above, Petitioners not only failed to request the order in writing, they made the request to the wrong person and, even then, failed to make the request timely.

We also reject Petitioners' alternative argument that Respondents are estopped from "insisting upon a strictly 'technical' compliance with the statute" because the oral request "was completely consistent with the cooperative relationship" between counsel for the parties during the pendency of the zoning matter. Petitioners appear to suggest that professional and courteous conduct between counsel operates to waive statutory requirements. To be clear: it does not.

The essential elements of estoppel are (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.

*Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 370, 396 S.E.2d 626, 628-29 (1990). Respondents are correct that "our courts have permitted, in a broad range of cases, the use of estoppel to bar the dismissal of a case for failure of the petitioner to timely file its action, even in those situations where the time limitation was classified as a condition precedent." *Hayes v. Town of Fairmont*, 130 N.C. App. 125, 128, 502 S.E.2d 380, 382 (1998) (citations omitted), *affirmed per curiam*, 350 N.C. 81, 511 S.E.2d 638 (1999). However,

> [i]n its broadest and simplest sense, the doctrine of estoppel is a means of preventing a party from asserting a legal claim or defense which is contrary to or inconsistent with his prior actions or conduct. The underlying theme of estoppel is that it is unfair and unjust to permit one to pursue an advantage or right which has not been promoted or enforced prior to the institution of some lawsuit. In particular, the rule is grounded in the premise that it offends every principle of equity and morality to permit a party to enjoy the benefits of a transaction and at the same time deny its terms or qualifications.

*Godley v. County of Pitt*, 306 N.C. 357, 360, 293 S.E.2d 167, 169 (1982) (internal citations, brackets and quotation marks omitted).

Petitioners do not argue that Respondents' cooperative interactions with Petitioners concealed or misrepresented the requirements of section 160A-388(e2), or were undertaken in order to dupe Petitioners into filing their petition outside the permitted time period, and thus they have failed to assert the essential elements of estoppel. We decline to hold that attorneys must take care not to be too cooperative, cordial, or professional in dealing with opposing counsel lest they inadvertently waive their clients' statutory rights or protections. This argument is overruled, and the order of the trial court is

AFFIRMED.

Judges ERVIN and BEASLEY concur.