HAMPSON, Judge.
 

 *619
 
 Petra Weishaupt-Smith (Petitioner) appealed from an Order affirming the decision of the Town of Banner Elk Board of Adjustment (the Board) to grant a Variance to American Towers, LLC (American Towers) and issue a Conditional Use Permit to American Towers to construct a telecommunications tower. Upon filing Notice of Appeal, Petitioner's counsel also filed a Motion to Substitute Party on behalf of William Stevenson (Stevenson), citing N.C.R. App. P. 38 and seeking to substitute Stevenson for Petitioner. This Motion was granted by the trial court by a consent order. We, however, determine Stevenson is not an aggrieved party with standing to appeal the trial court's Order. Therefore, we dismiss this appeal.
 

 Factual and Procedural Background
 

 On 13 June 2013, American Towers entered into an agreement to lease 14.26 acres of land, including easement rights, (the Property) within the extra-territorial jurisdiction of the Town of Banner Elk (the Town).
 

 On 21 June 2013, American Towers submitted an application for a Conditional Use Permit to construct a 100-foot monopole telecommunications tower on the Property. At its 19 August 2013 meeting, the Board conducted an initial public hearing on the Conditional Use Permit. Petitioner and several others, including Stevenson, sought to intervene as parties in the quasi-judicial proceeding. The Board allowed Petitioner, who owned property adjacent to the Property, to intervene as a party. The Board did not permit Stevenson or other property owners to intervene as parties in the public hearing.
 
 [1]
 
 During this public hearing, it came to light the advertised notice of the hearing was defective, and the Board declared "a mistrial." The Board subsequently held a full public hearing on 18 November 2013. By written order dated 3 December 2013, the Board granted a Conditional Use Permit to American Towers.
 

 *620
 
 On 4 January 2014, Petitioner filed a Petition for Writ of Certiorari, seeking review of the Board's decision, in Avery County Superior Court, which issued its Writ on the same day. The trial court entered an order on 23 October 2014, remanding the case back to
 
 *736
 
 the Board for further proceedings and to hear and receive additional evidence on several issues. This included a determination of whether the Property met the Town's requirements for a right-of-way to access the Property.
 

 Because American Towers only had rights in a 20-foot-wide access easement to the Property, and the Town's zoning ordinance required a 25-foot-wide right-of-way, American Towers filed a Variance request on 3 February 2015 with the Town, seeking a Variance from the 25-foot-wide right-of-way requirement. The Variance request was heard on 16 March 2015 in conjunction with the hearing on the Conditional Use Permit application on remand from the 23 October 2014 order.
 

 At the 16 March 2015 hearing, the Board heard arguments on the threshold issue of whether American Towers's Variance request related back to the original Conditional Use Permit application and whether the Variance request related back to, and was subject to, the zoning ordinance in effect in June 2013 when American Towers first applied for its Conditional Use Permit or to a December 2013 revision of the ordinances governing telecommunications towers passed shortly after the Town initially approved the Conditional Use Permit. By written order dated 10 April 2015, the Board found American Towers's Variance request did not relate back to the original application and was thus "time barred." As a result, the Board also ruled that a sufficient right-of-way did not exist and denied American Towers's application for a Conditional Use Permit.
 

 On 29 April 2015, American Towers filed a Petition for Writ of Certiorari to the Avery County Superior Court, seeking review of the Board's orders denying its Variance request and Conditional Use Permit application. The Writ of Certiorari issued that same day. Following a hearing, the trial court entered an order on 8 March 2016, reversing the Board's orders on the Variance request and Conditional Use Permit application. Further, the trial court remanded the case back to the Board with instructions to consider the merits of the Variance request and to grant the Conditional Use Permit if the Board determined the Variance should be granted.
 

 On 20 June 2016, the Board conducted another public hearing on the Variance request and Conditional Use Permit application, per the trial court's 8 March 2016 order. After receiving evidence and hearing arguments, the Board unanimously voted to grant the Variance request.
 

 *621
 
 In accordance with the 8 March 2016 order, the Board then voted on the Conditional Use Permit, which was also unanimously approved. On 3 October 2016, the Board filed its written order with the Town Clerk, granting both the Variance request and Conditional Use Permit.
 

 On 2 November 2016, Petitioner filed a new Petition for Writ of Certiorari seeking review of the Board's 3 October 2016 decision. This Petition was filed on Petitioner's own behalf, alleging her standing as a neighboring property owner and as a party to the quasi-judicial proceedings before the Board. There is no indication Petitioner filed as a representative party or on behalf of a group or association. Stevenson did not seek to intervene in this proceeding. The trial court issued its Writ, bringing the record of the proceedings before the court. On 18 May 2018, the trial court entered an order affirming the Board's decision to grant the Variance and Conditional Use Permit.
 

 Petitioner timely filed her Notice of Appeal on 15 June 2018. The same day, Stevenson, by and through Petitioner's counsel, filed a Motion to Substitute Party, pursuant to Rule 38 of the North Carolina Rules of Appellate Procedure. Stevenson alleged he owns property immediately adjacent to the Property and requested to be substituted for Petitioner, who had allegedly recently sold her house and now lacked standing to continue this appeal. Stevenson further alleged he was actively involved in the proceedings before the Board and trial court, including attending all hearings before the Board and trial court. With consent of the parties, the trial court entered an order on 10 July 2018, allowing Stevenson to substitute for Petitioner in this appeal.
 

 Appellate Jurisdiction
 

 No party to this case raises the issue of Stevenson's standing to pursue this
 
 *737
 
 appeal. Indeed, his substitution is entirely ignored in briefing, with the exception of a single sentence in the procedural history recitation of Appellant's brief. Nevertheless, "standing is a jurisdictional issue and this Court may raise the question of subject matter jurisdiction on its own motion."
 
 Town of Midland v. Morris
 
 ,
 
 209 N.C. App. 208
 
 , 223,
 
 704 S.E.2d 329
 
 , 340 (2011) (citations and quotation marks omitted).
 

 "Standing typically refers to the question of whether a particular litigant is a proper party to assert a legal position. Standing carries with it the connotation that someone has a right; but, quaere, is the party before the court the appropriate one to assert the right in question."
 
 Id.
 
 at 224-25,
 
 704 S.E.2d at 341
 
 (citations and quotation marks omitted). "[I]t is well settled that an appeal may only be taken by an
 
 aggrieved
 
 real party in interest."
 
 Id.
 
 at 224,
 
 704 S.E.2d at 341
 
 (citations omitted);
 

 *622
 

 see also
 

 King Fa, LLC v. Ming Xen Chen,
 
 --- N.C. App. ----, ----,
 
 788 S.E.2d 646
 
 , 650 (2016).
 

 In
 
 Duke Power Co. v. Board of Adjustment
 
 , this Court addressed an analogous case.
 
 20 N.C. App. 730
 
 ,
 
 202 S.E.2d 607
 
 ,
 
 cert. denied
 
 ,
 
 285 N.C. 235
 
 ,
 
 204 S.E.2d 22
 
 (1974). There, Duke Power Company sought a variance to construct a power line in a residential neighborhood, which was denied.
 
 Id.
 
 at 730,
 
 202 S.E.2d at 607
 
 . Duke Power Company petitioned for judicial review by certiorari from the superior court, which reversed the decision and ordered the variance be granted and permit issued.
 

 Id.
 

 at 730-31
 
 ,
 
 202 S.E.2d at 607-08
 
 . Neighboring landowners who opposed the variance, but who made no motion to intervene or be made parties in the superior court proceeding, sought to appeal the superior court ruling to this Court.
 

 Id.
 

 This Court recognized:
 

 While the persons complaining of the court's ruling may have been aggrieved by the proximity of their land to the proposed power line of the petitioner, it does not necessarily follow that they have the right to appeal. In addition to being aggrieved, they must have been parties to the suit from which they wish to appeal.
 

 Id
 
 . at 731,
 
 202 S.E.2d at 608
 
 . Our Court reasoned "[s]ince [the property owners] were not parties, they have no right to appeal or otherwise complain of the ruling of the court" and dismissed the appeal.
 

 Id.
 

 at 732
 
 ,
 
 202 S.E.2d at 608
 
 (citations omitted). Under the holding of
 
 Duke Power Co
 
 ., dismissal of the appeal would be the clear and obvious result in this case.
 

 The question remains, however, whether Stevenson's post-judgment substitution pursuant to N.C.R. App. P. 38 requires a different outcome. Certainly, it appears the parties to the appeal impliedly assume their consent to the substitution resolves any standing issue. However, "[s]ubject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel ...."
 
 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 595,
 
 636 S.E.2d 787
 
 , 793 (2006) (citations and quotation marks omitted).
 

 N.C.R. App. P. 38, in relevant part, provides:
 

 (a) Death of a Party
 
 . No action abates by reason of the death of a party while an appeal may be taken or is pending, if the cause of action survives. If a party acting in an individual capacity dies after appeal is taken from any tribunal, the personal representative of the deceased
 
 *623
 
 party in a personal action, or the successor in interest of the deceased party in a real action may be substituted as a party on motion filed by the representative or the successor in interest or by any other party with the clerk of the court in which the action is then docketed....
 

 ....
 

 (b) Substitution for Other Causes.
 
 If substitution of a party to an appeal is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in subsection (a).
 

 N.C.R. App. P. 38(a)-(b).
 
 [2]
 
 Our Courts have not addressed the scope of Rule 38. However, a plain reading of N.C.R. App. P. 38 demonstrates
 
 *738
 
 it is not intended to be a vehicle to broadly permit non-parties to swap-in for existing parties or to automatically vest a non-party with standing to appeal as a party aggrieved. Indeed, such a plain reading calls into question the viability of the parties' consent order allowing Stevenson's substitution in this case.
 

 Stevenson's Motion seems to invoke N.C.R. App. P. 38(b), reciting: "A substitution is needed at this point as the Petitioner ... has recently sold her property ...." Thus, the inquiry becomes whether "substitution of a party to an appeal is necessary for any reason other than death[.]" N.C.R. App. P. 38(b). We find guidance on this question in case law interpreting the analogous federal appellate rule.
 
 See, e.g.
 
 ,
 
 Ellison v. Alexander
 
 ,
 
 207 N.C. App. 401
 
 , 405,
 
 700 S.E.2d 102
 
 , 106 (2010) ("Although we are not bound by federal case law, we may find their analysis and holdings persuasive." (citations and quotation marks omitted)).
 

 Rule 43(b) of the Federal Rules of Appellate Procedure provides: "If a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) [applicable to substitution in cases involving death of a party] applies." Fed. R. App. P. 43(b). The previous version of Federal Rule 43(b) tracked the language of our Rule 38(b) and allowed substitution when "necessary for any reason other than death."
 
 Compare
 
 Fed. R. App. P. 43(b) (1986),
 
 with
 
 N.C.R. App. P. 38(b). When Federal Rule 43(b) was amended to its current version, the Advisory Committee Notes indicated that the change in Federal Rule 43(b) was "intended to be stylistic only." Fed. R. App. P. 43(b) advisory committee's notes to 1998 amendments.
 

 *624
 
 In
 
 Alabama Power Co. v. Interstate Commerce Commission
 
 , the District of Columbia Circuit (D.C. Circuit) held the inclusion of the world "necessary" in the 1986 version of Federal Rule 43(b) meant substitution is available only when "a party to the suit is unable to continue to litigate, not ... [when] an original party has voluntarily chosen to stop litigating."
 
 852 F.2d 1361
 
 , 1366 (D.C. Cir. 1988). In reaching this conclusion, the D.C. Circuit examined subsections (a) and (c) of Federal Rule 43, which allow for substitution when a party dies or is removed from office, and thus necessarily cannot continue an appeal, and concluded that the "most natural reading" of Federal Rule 43(b) "is to permit substitution in similar situations where a party is incapable of continuing the suit, such as where a party becomes incompetent or a transfer of interest in the company or property involved in the suit has occurred."
 

 Id.
 

 ;
 
 see also
 
 Fed. R. App. P. 43(a), (c).
 

 The posture of
 
 Alabama Power Co.
 
 was similar to the present case. There, two railroad trade associations, among others, brought a petition for judicial review of an agency decision, but later dismissed their petition. On appeal from the judicial review order, Conrail sought to substitute itself for the trade associations despite having not filed a petition for review and having not moved to intervene in the proceedings below. The D.C. Circuit denied Conrail's motion to substitute where the original appellants were fully capable of proceeding, but had voluntarily dropped their case.
 

 Id.
 

 We find the D.C. Circuit's interpretation of the prior version of Federal Rule 43(b) persuasive and hold that it is equally applicable to N.C.R. App. P. 38(b). Under Rule 38(b) of our Rules of Appellate Procedure, a substitution is appropriate only where "necessary," and " '[n]ecessary' means that a party to the suit is unable to continue to litigate."
 
 See
 
 id.
 

 Therefore, substitution is permissible only when "a party to the suit is unable to continue to litigate" and not when "an original party has voluntarily chosen to stop litigating."
 
 See
 
 id.
 

 The clear teaching of
 
 Alabama Power Co.
 
 is that a non-party to litigation below cannot be permitted to simply substitute in an appeal where the original party (or their successor) has ceased litigation.
 

 In this case, Stevenson does not allege he is a successor in interest to Petitioner's real property or her personal representative. Petitioner has sold her property, thus abandoning the litigation, and her actual successor in interest in her property has not sought substitution, thus dropping the case. Stevenson, as a non-party to the proceedings in the trial
 
 *739
 
 court below, has no right to appeal the trial court's ruling to this Court.
 
 *625
 
 Indeed, the D.C. Circuit made an important point, equally applicable to this case: to allow substitution by a party who failed to timely petition for agency review or timely request intervention under the governing statutes would "condone the impermissible-an evasion of clear jurisdictional requirements ordained by Congress for obtaining judicial review."
 

 Id.
 

 at 1366-67
 
 . Here, Stevenson could have timely filed his own Petition for Writ of Certiorari alleging his own standing to challenge the Board's decision.
 
 See
 
 N.C. Gen. Stat. §§ 160A-388, -393 (2017). Stevenson could have also sought to timely intervene in the judicial review proceedings in the trial court.
 
 See
 
 N.C. Gen. Stat. § 160A-393(h)(2). To allow Stevenson's substitution to automatically provide him standing as an aggrieved party on appeal would be to condone evasion of the clear jurisdictional requirements of N.C. Gen. Stat. §§ 160A-388 and -393 governing judicial review of municipal quasi-judicial decisions.
 
 See
 

 McCrann v. Vill. of Pinehurst
 
 ,
 
 216 N.C. App. 291
 
 , 294,
 
 716 S.E.2d 667
 
 , 670 (2011) (failure to timely file petition for writ of certiorari for judicial review of the issuance of a special use permit was a jurisdictional defect requiring dismissal).
 

 Consequently, we conclude the trial court's substitution of Stevenson for Petitioner in this appeal does not alter our result under
 
 Duke Power Co. v. Board of Adjustment
 
 . Because Stevenson is not an aggrieved party with standing to appeal, we must dismiss the appeal.
 
 See
 

 Duke Power Co.
 
 ,
 
 20 N.C. App. at 732
 
 ,
 
 202 S.E.2d at
 
 608 ;
 
 see also
 

 King Fa, LLC,
 
 --- N.C. App. at ----,
 
 788 S.E.2d at 650
 
 .
 

 Conclusion
 

 Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.
 

 APPEAL DISMISSED.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 It appears the Board employed a formal intervention process in determining who could participate in the hearing. It does not appear the Board's intervention process was limited to determining solely issues of standing because the Board denied the additional requests to intervene, at least in part, on the basis the evidence would be cumulative to that presented by Petitioner. No party appealed these rulings.
 

 [2]
 

 Subsection (c) goes on to address substitution with respect to public officers and parties named in official or representative capacities. N.C.R. App. P. 38(c).