AUDREY JOYNER GIBSON, Plaintiff v. IDAEL MENA and
CARRETA TRANSPORT, INC., Defendants

No. COA00-143

(Filed 5 June 2001)

**Civil Procedure— Rule 60 motion for relief—default judgment**

The trial court abused its discretion by allowing defendants' Rule 60 motion for relief from a default judgment where the record was devoid of any evidence excusing defendant Mena, defendant Carreta was aware of the pending litigation prior to the judgment, and defendant Caretta's insurance carrier knew that entry of default had been rendered, but failed to give defense of the lawsuit the attention usually given to important business in the exercise of ordinary prudence. N.C.G.S. § 1A-1, Rule 60(b).

Appeal by plaintiff from order entered 29 September 1999 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 10 January 2001.

*George M. Anderson, G. Henry Temple, Jr. and Stephen W. Petersen, for plaintiff-appellant.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for defendant-appellees.*

JOHN, Judge.

Plaintiff Audrey Joyner Gibson appeals the trial court's 29 September, 1999 order (the Order) setting aside a default judgment entered against defendants Idael Mena and Carreta Transport, Inc. (collectively "defendants"; individually Mena and Carreta) in favor of plaintiff. We reverse the trial court.

The instant action was instituted by complaint filed 18 November 1997. Plaintiff alleged defendants' negligence arising out of an automobile collision occurring 25 July 1996 on Interstate Highway 95 in Robeson County. Service upon defendants, out-of-state individuals or entities, was effected through the North Carolina Department of Motor vehicles pursuant to N.C.G.S. § 1-105 (1999). Specifically, copies of the summons and complaint were personally served upon Janice Faulkner, North Carolina Commissioner of Motor Vehicles (the Commissioner), who, through her agent, mailed notice of summons and complaint along with copies thereof to each defendant on 2 December 1997. The set of documents for Mena were mailed to an address in Syracuse, New York, but were returned to the Commissioner undelivered. Carreta's documents were directed to the care of Orlando Silva, statutory service agent, as well as to the "President of Carreta Transport, Inc." The documents sent to Carreta's president were delivered and received 5 December 1997. In addition, Notice of Service of Process by Publication on defendants appeared in The Robesonian, a newspaper published in Robeson County, on 14, 21 and 28 December, 1998. Defendants neither filed answer, nor requested an extension of time in which to answer, nor otherwise filed any other pleading in response to the complaint.

On 5 April 1999, plaintiff moved for entry of default and default judgment, and notice of hearing of the motions was mailed to Mena and Carreta on 25 and 26 March 1999 respectively. Following an 8 April 1999 entry of default, the trial court entered default judgment (the Judgment) against defendants on 3 May 1999 in the amount of $950,000.00 plus costs and interest.

Defendants thereafter filed a 29 July 1999 motion (defendants' motion) to set aside the Judgment on grounds defendants had acted with excusable neglect. However, defendants sought to contest only the issue of compensatory damages.

Attached to defendants' motion were affidavits from Evelio Prieto (Prieto), owner of Carreta, Michaele J. Grove (Grove), senior

claims supervisor for John Deere Transportation Services (John Deere), defendants' insurance carrier, and Anthony Thomas Foley (Foley), a certified adjuster retained by John Deere.

*Inter alia*, defendants' motion asserted as follows:

9. That neither the Defendants nor John Deere was aware of the Motion for Default Judgment (see attached Affidavits of Foley and Grove and supplementary Affidavit of Evelio Prieto);

. . .

12. That the failure of Defendants and John Deere to retain defense counsel upon the filing and service of this action based on John Deere's desire to first evaluate the case to determine if it could be settled prior to proceeding with litigation, constituted excusable neglect[.]

After a hearing, both plaintiff and defendants submitted proposed orders to the trial court. Plaintiff's submission, entitled "Plaintiff's Proposed Findings of Fact and Conclusions of Law," included findings of fact. Subsequently, the trial court entered the Order, stating

the failure of Defendants to file answer or otherwise plead or appear in this action was due to excusable neglect, and good cause exist [*sic.*] for setting aside the default judgment[.]

The Order included no supporting findings of fact. Plaintiff appeals.

Initially, we note the appealed Order set aside the Judgment and that orders setting aside default judgments are interlocutory and ordinarily not appealable. *Bailey v. Gooding*, 301 N.C. 205, 208-09, 270 S.E.2d 431, 433 (1980). Notwithstanding, we elect in our discretion to treat plaintiff's purported appeal as a petition for certiorari pursuant to North Carolina Rule of Appellate Procedure 21, and to grant the writ and address the merits. *See* N.C.G.S. § 7A-32(c) (1999) (Court of Appeals has jurisdiction to issue writ of certiorari "in aid of its own jurisdiction"; N.C.R. App. P. 21(a)(1) ("writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of . . . orders of trial tribunals when . . . no right of appeal from an interlocutory order exists); and *Munn v. Munn*, 112 N.C. App. 151, 154, 435 S.E.2d 74, 76 (1993) (it is "within [the] prerogative" of this Court to treat an "appeal as a petition for writ of certiorari and grant the writ").

Plaintiff first contends the trial court erred by failing to set out findings of fact in the Order. Plaintiff also maintains the trial court abused its discretion in setting aside the Judgment because the evidence was insufficient to support the court's ruling. We consider plaintiff's arguments *ad seriatim.*

N.C.G.S. § 1A-1, Rule 60(b) (1999) allows a party, on motion to the trial court, to seek relief from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect. A Rule 60(b) motion is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of that discretion. *Vuncannon v. Vuncannon,* 82 N.C. App. 255, 258, 346 S.E.2d 274, 276 (1986). Rendition of findings of fact is not required of the trial court in ruling upon a Rule 60(b) motion absent the request of a party, "although it is the better practice to do so." *Grant v. Cox,* 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992); *see also* N.C.G.S. § 1A-1, Rule 52(a)(2) (1999).

In the case *sub judice,* the trial court entered no findings of fact upon which to base its legal conclusion of excusable neglect. Plaintiff asserts its proposed order contained a request for findings of fact as follows:

Plaintiff, Audrey Joyner Gibson, respectfully submits to the Court pursuant to Rule 52 of the North Carolina Rules of Civil Procedure and hereby moves that Findings of fact and Conclusions of Law be included in its Order on Defendants' Motion to Set Aside Judgment heard by Honorable Robert F. Floyd, Jr., on August 16, 1999, as follows:

. . . .

Subsequently, twenty-three findings of fact and nine conclusions of law were delineated. [Petition for Writ of Certiorari].

Although plaintiff's proposed order arguably might be construed, as she contends, as a generalized Rule 52 request for findings of fact in support of the court's subsequent Order as opposed to requested specific findings, we are unable to resolve this question conclusively in plaintiff's favor. The Order therefore is not subject to being vacated due to the absence of findings of fact.

However, a Rule 60(b) order without findings of fact must be reversed unless there is evidence in the record sustaining findings

which the trial court could have made to support such order. *See Grant*, 106 N.C. App. at 125, 415 S.E.2d at 380 (where trial court renders no findings of fact in order denying Rule 60(b) motion, "the question on appeal is 'whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion' " (citation omitted)).

In short, the issue before us is whether, given the evidence presented to the trial court, that court could have made findings of fact sufficient to support its legal conclusion that excusable neglect had been shown. *See id.*

While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case. Excusable neglect must have occurred at or before entry of judgment and must be the cause of the default judgment being entered.

*Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986) (citations omitted).

In materials presented to the trial court, defendants explained the failure to retain counsel as being based upon their insurance carrier's "desire to first evaluate the case to determine if it could be settled prior to proceeding with litigation[.]" In his affidavit dated 30 July 1999, for example, Prieto stated,

[a]lthough I was aware of the lawsuit prior to April of 1999, I assumed that my company's insurance carrier, John Deere Transportation Services, was handling this matter.

. . . .

[p]rior to several weeks ago, I have never received nor been made aware of any Motions for Default or Default Judgments being entered against my company.

Grove's affidavit related that, in his capacity as senior claims adjuster for John Deere, he became aware of the 1996 accident within one week thereafter, that he assigned the case to an adjuster who attempted to resolve plaintiff's bodily injury claim, and that the

adjuster could not obtain all pertinent medical bills and records and closed plaintiff's file in January, 1997. Grove stated he had notified plaintiff's attorney that John Deere would like to settle plaintiff's claim. Grove also expressed his April, 1998 understanding that entry of default had been directed against defendants as to liability only, but that no default judgment had been entered.

Foley submitted an affidavit stating John Deere had accepted liability for the collision involving plaintiff and had authorized him to attempt to settle all viable claims. After plaintiff had resolved her daughter's claim and the property damage claim, Foley continued, he requested plaintiff's medical bills in January, 1997. When Foley received no response from plaintiff, he closed her file in April, 1997.

Upon careful review, we hold the foregoing evidence before the trial court was insufficient as a matter of law to show excusable neglect. Defendant Carreta was aware of the pending litigation prior to the Judgment, and John Deere, Caretta's insurance carrier, knew in April, 1998, that entry of default had been rendered against Caretta, yet failed to give defense of the lawsuit that attention usually given to important business in the exercise of ordinary prudence. *See Financial Corp. v. Mann*, 36 N.C. App. 346, 350, 243 S.E.2d 904, 907 (1978) (no excusable neglect where "defendant simply did not give to his defense the attention which a man of ordinary prudence usually gives his important business"). Further, the record is devoid of any evidence excusing defendant Mena.

In sum, the trial court abused its discretion in allowing defendants' motion for relief from default judgment, and the Order setting aside the Judgment is therefore reversed. *See id.* ("[b]ecause defendant presented insufficient evidence to support the trial court's conclusion of excusable neglect, the order setting aside the judgment" must be reversed).

Reversed.

Judges WYNN and McGEE concur.