SHELBY JEAN PARRIS, Plaintiff v. NATHANIEL L. LIGHT, Defendant

No. COA00-1230

(Filed 16 October 2001)

**1. Civil Procedure— denial of Rule 60 motion—lack of explicit findings—no indication of improper standard**

The trial court's failure to make explicit findings of fact when denying a Rule 60 motion for relief did not indicate that the court failed to employ the proper standard of review where there was nothing to suggest that the court examined the facts de novo or otherwise used an improper standard of review.

**2. Civil Procedure— Rule 60 motion—neglect by attorney— imputed to client**

The trial court did not abuse its discretion in denying a plaintiff's motion for Rule 60 relief from a dismissal which resulted from failure to comply with discovery orders where plaintiff argued that negligence by her counsel should not be imputed to her. Ignorance, inexcusable neglect, or carelessness by an attorney will not provide grounds for relief under N.C.G.S. § 1A-1, Rule 60(b)(1).

**3. Civil Procedure— Rule 60 relief denied—failure to respond to discovery orders—inexcusable neglect**

The trial court did not abuse its discretion by denying plaintiff's Rule 60(b)(1) motion for relief from a dismissal for failure to

PARRIS v. LIGHT

[146 N.C. App. 515 (2001)]

comply with discovery orders where defendant served his discovery request in August of 1999; plaintiff failed to timely respond; defense counsel sent a letter to plaintiff regarding her late responses but received no reply; defendant filed a motion to compel several weeks after plaintiff's responses were due; the parties agreed to entry of an order allowing plaintiff an additional thirty days to comply but plaintiff did not do so; defense counsel left several messages with plaintiff's counsel regarding the failure to comply; defendant filed a second motion to compel; plaintiff's counsel was absent from the hearing; about six months passed between the time the orders were due and the dismissal but plaintiff never requested an extension; and defendant never received complete discovery responses.

Appeal by plaintiff from an order entered 1 June 2000 by Judge L. Todd Burke in Stokes County Superior Court. Heard in the Court of Appeals 12 September 2001.

*Charles O. Peed and Associates, by Charles O. Peed, for plaintiff-appellant.*

*Davis & Hamrick, L.L.P., by J. Chad Bomar, for defendant-appellee.*

HUNTER, Judge.

Shelby Jean Parris ("plaintiff") appeals the denial of her motion for relief from an order dismissing her negligence action against Nathaniel L. Light ("defendant"). We affirm the trial court's order denying plaintiff relief from the order of dismissal.

On 3 October 1996, plaintiff was injured when her vehicle collided with a vehicle driven by defendant. Plaintiff filed a complaint alleging defendant's negligence on 26 July 1999. On 25 August 1999, defendant, through counsel, served upon plaintiff a first set of Interrogatories and Request for Production of Documents. Plaintiff did not respond within the required thirty-day time frame and did not request that the court grant her an enlargement of time to respond to the discovery request. Defendant notified plaintiff by letter of her failure to timely respond to the discovery request.

When plaintiff had still not responded to the request by 16 November 1999, defendant filed a Motion to Compel, requesting that the trial court order plaintiff to respond to defendant's 25 August 1999

discovery request. Following the motion, plaintiff filed incomplete responses to the discovery request on 3 January 2000. On 5 January 2000, both parties, through counsel, consented to the entry of an order allowing plaintiff an additional thirty days from the date of the order to provide complete and accurate discovery responses. The order was signed by plaintiff's counsel.

Plaintiff failed to comply with the court-ordered thirty-day deadline for responding to defendant's discovery request. On 10 February 2000, after unsuccessful attempts to contact plaintiff's counsel, defense counsel filed another Motion to Compel. In addition to requesting that the court compel plaintiff to respond to defendant's 25 August 1999 request, defendant moved the court to impose appropriate sanctions pursuant to Rule 37 of the Rules of Civil Procedure.

Defendant's second Motion to Compel was heard on 1 March 2000. The trial court noted in its order that plaintiff's counsel had failed to appear for the 21 February 2000 calendar call of the case, and when the matter was subsequently called for hearing. The trial court, noting that defendant had requested appropriate relief under Rule 37, entered an order dismissing plaintiff's action.

Plaintiff's counsel filed a Motion for Relief from Judgment or Order on 14 April 2000 on the basis of "inadvertence or excusable neglect," stating that he was "unaware" of the failure to comply with discovery rules. Plaintiff's motion was heard on 1 June 2000 in the Superior Court of Stokes County. The trial court reviewed the file, heard arguments of counsel for both parties, and entered an order denying plaintiff's motion to set aside the order dismissing her action. Plaintiff appeals.

Plaintiff argues that the trial court abused its discretion in denying her motion for relief pursuant to Rule 60(b)(1) of the Rules of Civil Procedure. Plaintiff argues: (1) the trial court's order must be reversed for failure to apply the appropriate standard of review; and (2) the trial court's order must be reversed because the evidence is sufficient to show that plaintiff's counsel's failure to comply with discovery rules and the court order was due to "excusable neglect" and that any negligence of plaintiff's counsel should not be imputed to plaintiff.

Rule 60(b)(1) of the Rules of Civil Procedure "allows a party, on motion to the trial court, to seek relief from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect."

*Gibson v. Mena*, 144 N.C. App. 125, 128, 548 S.E.2d 745, 747 (2001). "Appellate review of a trial court's ruling pursuant to Rule 60(b) is limited to determining whether the trial court abused its discretion." *Moss v. Improved B.P.O.E.*, 139 N.C. App. 172, 176, 532 S.E.2d 825, 829 (2000) (citing *Vaughn v. Vaughn*, 99 N.C. App. 574, 575, 393 S.E.2d 567, 568, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990)).

**[1]** Plaintiff first argues that the trial court's order must be reversed because the trial court failed to employ the proper standard of review. We note that this argument in plaintiff's brief fails to correspond directly to any of the assignments of error set forth in the record on appeal. The scope of appellate review "is confined to a consideration of those assignments of error set out in the record on appeal." N.C.R. App. P. 10(a). In any event, plaintiff's argument is unpersuasive.

The trial court's order recited the procedural background of the case, including all of plaintiff's failures to comply with discovery rules and the court order compelling discovery. The court then concluded that "it is within the Court's discretion to decide this matter and does therefore deny the Plaintiff's Motion for Relief from Judgment of [sic] Order." Plaintiff argues that the trial court's failure to make findings as to whether relief was warranted on the basis of "inadvertence or excusable neglect," as argued by plaintiff in her Rule 60(b)(1) motion, reveals that the trial court did not employ the proper standard of review for a Rule 60(b) motion.

We do not agree that the absence of any such findings indicates that the trial court failed to employ the proper standard of review for a motion based upon Rule 60(b)(1). "[T]his Court consistently has held: 'Although it would be the better practice to do so when ruling on a Rule 60(b) motion, the trial court is not required to make findings of fact unless requested to do so by a party.' " *Condellone v. Condellone*, 137 N.C. App. 547, 550, 528 S.E.2d 639, 642 (citations omitted), *disc. review denied*, 352 N.C. 672, 545 S.E.2d 420 (2000). "Rendition of findings of fact is not required of the trial court in ruling upon a Rule 60(b) motion absent the request of a party, 'although it is the better practice to do so.' " *Gibson*, 144 N.C. App. at 128, 548 S.E.2d at 747 (citation omitted) (noting that "[i]n the case *sub judice*, the trial court entered no findings of fact upon which to base its legal conclusion of excusable neglect"). Thus, the trial court was not required to make any findings regarding counsel's conduct and whether it constituted excusable neglect.

In support of her position, plaintiff cites *Anuforo v. Dennie*, 119 N.C. App. 359, 458 S.E.2d 523 (1995), in which this Court determined that the trial court applied an inappropriate standard of review to a Rule 60(b) motion. In that case, not only did the trial court fail to mention any of the factors for granting relief under Rule 60(b), but the trial court's order affirmatively revealed that it applied the wrong standard of review to the Rule 60(b) motion. *Id.* at 362, 458 S.E.2d at 525. The trial court's order clearly stated that the trial court simply reconsidered whether the movant had violated the Rules of Appellate Procedure, and having determined that the movant had done so, denied the Rule 60(b) motion on that ground. *Id.* Essentially, the trial court considered the issue of dismissal of the suit *de novo* as opposed to determining whether the neglect was excusable. *Id.*

Here, however, nothing in the trial court's order suggests that the court examined the facts *de novo* or otherwise used an improper standard of review in ruling upon the motion. Indeed, the trial court was correct in its statement that the matter before it was purely within its discretion to determine. *See, e.g., Royal v. Hartle*, 145 N.C. App. 181, 182, 551 S.E.2d 168, 170 (citation omitted) (" '[t]he granting of [a Rule 60] motion is within the sound discretion of the trial court' "), *disc. review denied*, 354 N.C. 365, 555 S.E.2d 922 (2001); *Grant v. Cox*, 106 N.C. App. 122, 124-25, 415 S.E.2d 378, 380 (1992) ("[a] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion" (citations omitted)).

Although it is clearly the better practice for trial courts to make explicit findings of fact with respect to the elements of Rule 60(b)(1), we hold that the trial court's failure to do so here does not require reversal. Unlike the trial court order under review in *Anuforo*, the order on appeal here does not affirmatively reveal any error of law.

[2] Plaintiff next argues that the trial court abused its discretion in denying her motion because there was sufficient evidence upon which it could conclude that any neglect was excusable, and thus worthy of relief under Rule 60(b)(1). Plaintiff argues that she herself was diligent in the prosecution of her case, that she could not have foreseen the negligence of her attorney, and that the trial court was required to find that any negligence on the part of plaintiff's counsel cannot be imputed to her. We disagree.

In support of her argument, plaintiff argues that the trial court's denial of her motion is evidence that plaintiff's counsel's negligence

was "imputed to [plaintiff]-a ruling that is in direct conflict with this Court's holding in *Briley v. Farabow*[, 127 N.C. App. 281, 488 S.E.2d 621 (1997)]." However, this Court's opinion in *Briley* has been overruled by our ·Supreme Court which expressly held that an attorney's inexcusable neglect may be imputed to the party:

> Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the "excusable neglect" provision of Rule 60(b)(1). In enacting Rule 60(b)(1), the General Assembly did not intend to sanction an attorney's negligence by making it beneficial for the client and to thus provide an avenue for potential abuse. Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines. Plaintiffs have argued that this Court should provide relief from an order if only the attorney, rather than the client, was negligent. Looking only to the attorney to assume responsibility for the client's case, however, leads to undesirable results. As one federal judge noted:

> "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either."

*Briley v. Farabow*, 348 N.C. 537, 546-47, 501 S.E.2d 649, 655 (1998) (citations omitted).

The Supreme Court concluded: "Thus, we hold that an attorney's negligent conduct is not 'excusable neglect' under Rule 60(b)(1) and that in determining such, the court must look at the behavior of the attorney." *Id.* at 547, 501 S.E.2d at 655. This Court has recently reaffirmed the principle that a trial court must consider an attorney's conduct in determining whether there is inexcusable neglect under Rule 60(b). *See Henderson v. Wachovia Bank of N.C.*, 145 N.C. App. 621, 551 S.E.2d 464, *disc. review denied*, 354 N.C. 572, 558 S.E.2d 869 (2001); *Fox v. Health Force, Inc.*, 143 N.C. App. 501, 506, 547 S.E.2d 83, 86-87 (2001). As we recently noted, "[i]gnorance, inexcusable negligence, or carelessness on the part of an attorney will not provide grounds for relief under Rule 60(b)(1)." *Clark v. Penland*, 146 N.C. App. 288, 292, 552 S.E.2d 243, 245 (2001) (citation

omitted). Plaintiff's argument that her attorney's negligence cannot be imputed to her is without merit.

**[3]** Moreover, we hold that the trial court did not abuse its discretion in denying plaintiff's motion for relief. In order to set aside a judgment on the grounds of excusable neglect under Rule 60(b)(1), the moving party must show both that the judgment rendered against him was due to excusable neglect and that he has a meritorious defense. *Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 726, 515 S.E.2d 17, 21 (1999) (citation omitted). Moreover, when a trial court fails to make findings of fact with respect to the elements of Rule 60(b), the order will be reversed "unless there is evidence in the record sustaining findings which the trial court could have made to support such order." *Gibson*, 144 N.C. App. at 128-29, 548 S.E.2d at 747.

An attorney's neglect in failing to abide by the rules of discovery has been held to be inexcusable in the context of Rule 60(b)(1). In *Briley*, the Supreme Court addressed whether Rule 60(b)(1) "may be used to provide relief from sanctions imposed upon plaintiffs under Rule 26(f1) of the North Carolina Rules of Civil Procedure for their attorney's failure to designate experts by a court-ordered deadline." *Briley*, 348 N.C. at 538-39, 501 S.E.2d at 650. The plaintiffs' attorney had failed to designate any expert witnesses within the court-ordered thirty-day time frame for doing so. *Id.* at 539, 501 S.E.2d at 651. When the plaintiffs finally designated their experts approximately four months after the thirty-day deadline, the defendants filed a motion to strike the experts, and moved for summary judgment on the grounds that, without any expert testimony from the plaintiffs, there remained no genuine issues of material fact. *Id.* at 540, 501 S.E.2d at 651.

The plaintiffs argued that they were entitled to relief under Rule 60(b)(1) from the trial court's order striking their expert witness designation and granting defendants summary judgment. *Id.* at 540, 501 S.E.2d at 652. The plaintiffs maintained that their attorney's failure to comply with discovery deadlines was due to a "mistaken assumption" that the parties had informally agreed to delay discovery. *Id.* at 541, 501 S.E.2d at 652. The trial court determined that the attorney's neglect was "unexcused" and that the neglect was imputed to plaintiffs. *Id.*

In upholding the trial court's denial of the Rule 60(b)(1) motion, the Supreme Court held that the evidence was sufficient to support the trial court's findings that the plaintiffs were required to file their

expert witness designation on or before 30 November 1995; that they failed to do so; that no extension of time was sought; and that they did not offer any plausible excuse for the late designation. *Id.* at 547, 501 S.E.2d at 655.

A variety of similar rules violations have been held to constitute inexcusable neglect. *See, e.g., East Carolina Oil Transport v. Petroleum Fuel & Terminal Co.*, 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986) (plaintiff's failure to reply or otherwise file any pleading within thirty days of being served with counterclaim not excusable neglect within meaning of Rule 60(b)(1)), *disc. review denied*, 318 N.C. 693, 351 S.E.2d 745 (1987); *Overnite Transportation v. Styer*, 57 N.C. App. 146, 150, 291 S.E.2d 179, 181 (1982) (defendant's failure to appear for motion for summary judgment despite having received calendar properly informing him of time, date, and place for hearing not excusable neglect within meaning of Rule 60(b)(1)).

In this case, the evidence would have supported findings of fact that plaintiff's counsel's neglect was inexcusable. Defendant served his discovery request in August 1999. Plaintiff failed to timely respond. Defense counsel stated that he sent a letter to plaintiff regarding her late discovery responses, but received no reply or acknowledgment. Defendant filed a Motion to Compel discovery responses on 16 November 1999, several weeks after plaintiff's responses were due under Rules 33 and 34 of the Rules of Civil Procedure.

Both parties then agreed to the entry of an order allowing plaintiff an additional thirty days to respond completely to the request. Plaintiff's counsel signed the order. Nevertheless, plaintiff failed to comply with the court order. Defense counsel stated that he left several messages with plaintiff's counsel regarding the failure to comply with the court order, but that the messages had no effect. On 10 February 2000, defendant filed a second Motion to Compel plaintiff's responses. When the matter came to hearing, plaintiff's counsel was absent. By the time the trial court entered an order of dismissal in March 2000, approximately one half year had passed since the date that plaintiff's responses were due under Rules 33 and 34. Plaintiff never requested an extension of time to respond during these several months. Defendant stated that he never received complete discovery responses from plaintiff.

Although plaintiff presented the trial court with affidavits blaming the extended failure to comply with discovery rules on counsel's

office staff and on counsel's vision problems, the decision to accept such evidence as excusable neglect was within the sound discretion of the trial court. We discern no abuse of discretion in light of all of the evidence, particularly the fact that plaintiff's counsel—not office staff—signed the 5 January 2000 consent order entered upon defendant's first Motion to Compel. Moreover, plaintiff has failed to present any evidence which would support a finding that the failure to comply with discovery rules and the court order was the result of mistake, inadvertence, or surprise.

We hold that the evidence of plaintiff's consistent failure to comply with both the Rules of Civil Procedure and a court order is sufficient to support a conclusion that plaintiff's counsel's neglect was not excusable; that such neglect is imputed to plaintiff; and that the trial court did not abuse its discretion in determining that counsel's neglect did not warrant relief under Rule 60(b)(1) or 60(b)(6) (relief permitted for "[a]ny other reason" within the court's discretion).

Affirmed.

Judges WYNN and TYSON concur.